# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-681V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MICHELE LEMAIRE,           \*

                            \*     Filed:  March 2, 2016

           Petitioner,   \*

                            \*     Petitioner's Motion for a Decision

              v.        \*     Dismissing the Petition; Vaccine Act

                            \*     Entitlement; Denial Without Hearing.

SECRETARY OF HEALTH AND   \*

HUMAN SERVICES,          \*

                            \*

           Respondent.  \*

                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Elaine W. Sharp*, Whitfield, Sharp & Sharp, Marblehead, MA, for Petitioner.

*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On September 16, 2013, Michele Lemaire filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that the tetanus (DTaP), trivalent influenza, and pneumococcal vaccinations that she received on September 16, 2010, caused her to suffer an anaphylaxis reaction, which purportedly occurred

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

thirty minutes of administration of these vaccinations and persisted for more than six months. Petitioner also alleged that she suffered acute complication of a pre-existing respiratory condition.

In the first several months of this case, Petitioner switched counsel twice. ECF Nos. 7 and 44. After present counsel appeared in April of 2014, Respondent filed her Rule 4(c) report disputing that compensation was appropriate in this case. ECF No. 46. Respondent specifically indicated that Petitioner had not established that she experienced symptoms necessary to meet the criteria for a Table Injury (which lists "anaphylaxis or anaphylactic shock" as a presumptive injury for the tetanus and pertussis components of the DTaP vaccine, when such injury occurs within 4 hours of the administration of the vaccine), and that Petitioner had not submitted an expert report or other persuasive evidence in support of her claim that one of the vaccines she received caused her symptoms. *Id.* Moreover, Respondent noted that Petitioner had not provided evidence that she suffered residual effects of anaphylaxis for more than six months after the administration of the vaccine, as required by the Act. *Id.* Respondent further argued that Petitioner had not established that the vaccines significantly aggregated a pre-existing injury. *Id.*

In September of 2014, I set an initial deadline for Petitioner to file an expert report in this matter. ECF No. 51. Petitioner subsequently requested (and was granted) multiple extensions of time to file that report. *See, e.g.*, ECF Nos. 54, 55, 57, 59, 61, 65, and 66.[3] Petitioner finally filed an expert report in this matter on November 30, 2015 – but Petitioner's expert agreed with Respondent, indicating that he was "unable to find evidence that Michelle LeMaire [sic] suffered immune damage, as a result of her September 16, 2010 vaccinations." ECF No. 67-1 at 2. Accordingly, during a status conference on December 18, 2015, Respondent expressed the intent to file a motion for a ruling on the record in this case, and I set a deadline for her to do so. ECF No. 68.

On January 26, 2016, Respondent filed a motion for judgment on the administrative record. ECF No. 69. In it, Respondent indicated that because Petitioner had not met her burden of proving that the September 16, 2010, vaccinations caused her purported vaccine injury, her claim should be dismissed. *Id.* In response, on February 29, 2016, Petitioner filed a concurrent motion for a decision dismissing her petition, stating that "[a]n investigation of the facts and science supporting Petitioner's case has demonstrated to her that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 70.[4]

---

[3] On April 30, 2015, Petitioner filed a purported expert report (ECF No. 55), but she subsequently acknowledged that this was merely a statement from a reviewing physician (intended to establish whether there was a reasonable basis for this claim) (ECF No. 57).

[4] On that same date, Petitioner also filed a response to Respondent's motion for a decision on the administrative record. ECF No. 71. In her response, Petitioner represented that it was her "position that because she has filed a motion to dismiss, she does not need to respond to Respondent's motion for decision on the administrative record." *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that Petitioner experienced could have been caused or significantly aggravated by the vaccinations that she received on September 16, 2010. And the filed medical records do not support Petitioner's claim.

Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master